| | | |
|---|---|---|
| EMILEE ADLACO and ISMAEL ALDACO, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this case from the Superior Court of Caldwell County, North Carolina, where it is pending as Civil Action No. 26CV000281-130, to the United States District Court for the Western District of North Carolina, Statesville Division.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because: (1) there is complete diversity of citizenship between Liberty Mutual and Plaintiffs Emilee and Ismael Aldaco; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs. Liberty Mutual's grounds for removal, including the facts supporting its allegation that the amount in controversy exceeds the required jurisdictional amount, are set forth in detail below.

<u>**GROUNDS FOR REMOVAL**</u>

**I.** <u>**Background.**</u>

1. On February 11, 2026, Plaintiffs filed a Complaint in the Superior Court of Caldwell County, North Carolina, styled *Emilee Aldaco and Ismael Aldaco v. Liberty Mutual Fire Insurance Company,* which is within the district and division to which to case is removed. Pursuant to 28 U.S.C. § 1446(b), a copy of all process and pleadings in the Caldwell County Superior Court file at the time of removal is attached hereto as **Exhibit A**.

2. Plaintiffs' allegations in the Complaint against Liberty Mutual arise out of a homeowner's policy of insurance issued by Liberty Mutual (the "Policy"). (Ex. A, Complaint ¶¶13-23).

3. Plaintiffs own and are the residents of their home located at 2302 Good Shepard Court, Lenoir, Caldwell County, North Carolina 28645 (the "Property"). (*Id.* ¶¶1, 12). Plaintiffs allege that Liberty Mutual is obligated to provide insurance coverage for damages they claim the Property sustained due to Hurricane Helene that hit Western North Carolina on or about September 27, 2024 (the "Claim"). (*Id.* ¶21).

4. Plaintiffs allege four causes of action against Liberty Mutual: (1) Breach of Contract; (2) Breach of Common Law Duty of Good Faith and Fair Dealing; (3) Unfair and Deceptive Claim Settlement Practices under N.C. Gen. Stat. § 58-63-15(11)a-h, j, l, n; and (4) Punitive Damages. (*Id.* ¶¶28-60).

5.     Plaintiffs allege Liberty Mutual is liable for the Claim because it denied, delayed, and/or refused to pay the Claim, failed to conduct a good faith investigation of the Claim, purposefully and knowingly, or alternatively negligently, misrepresented the terms of the Policy and/or other information provided to Plaintiffs, and caused Plaintiffs emotional distress through intentional conduct. (*Id.* ¶¶23-26).

## II.    The Court Has Subject-Matter Jurisdiction Under 28 U.S.C. § 1332.

6.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Liberty Mutual and each of the Plaintiffs, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.    There is Complete Diversity Between Plaintiffs and Liberty Mutual.

7.     The Plaintiffs are now, and at all relevant times, natural persons and residents of North Carolina. (Ex. A, Compl. ¶¶1, 12).

8.      Liberty Mutual was, at the time this action was commenced, and still is, an insurance company organized under the laws of the State of Wisconsin with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. As such, Liberty Mutual is a citizen of Wisconsin and Massachusetts. *See* 28 U.S.C. § 1332 (c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010).

9.     There is complete diversity of citizenship between Plaintiffs and Liberty Mutual. See *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 81 (2005) (holding that defendants may remove an action based on diversity of citizenship if there is complete

diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state).

**B.      The Amount In Controversy Exceeds the $75,000 Jurisdictional Requirement.**

10.      Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If the allegation is contested, the court determines whether the jurisdictional threshold is met by a preponderance of the evidence. *Id.* at 88-89; see also 28 U.S.C. § 1446(c)(2)(B).

11.      When a plaintiff's complaint does not specify damages, a court may consider "any evidence of the amount in controversy." *Decker v. USAA Cas. Ins. Co.*, 683 F. Supp. 3d 488, 493 (M.D.N.C. 2023) (citations omitted). "The key inquiry in determining whether the amount-in-controversy requirement is met is not what the plaintiff will actually recover but 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Scott v. Cricket Communs., LLC*, 865 F.3d 189, 196 (4th Cir. 2017) (citations omitted). Claims for treble damages may be used to meet the amount-in-controversy requirement for federal court diversity jurisdiction. *Withers v. BMW of N. Am., LLC*, 560 F. Supp. 3d 1010, 1017 (W.D.N.C.  2021) (citations omitted) (addressing UDTPA claim).

12.      A full and fair reading of the Complaint demonstrates that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiffs allege that

damage to the Property exceeds $25,000. (Ex. A, Compl. ¶¶17, 33, 34). Plaintiffs also allege that they prepared an estimate of damage to the Property. (*Id*. ¶19). Plaintiffs' Sworn Proof of Loss and estimate indicates that Plaintiffs' Claim is actually in excess of $50,000. **Exhibit B.** Plaintiffs also allege they are entitled to damages for unfair and deceptive trade practices, including an award of attorney's fees and treble damages. (Ex. A, Compl. ¶¶44-48). Plaintiffs further seek an award of punitive damages exceeding $25,000. (*Id*. ¶¶50-60). Finally, Plaintiffs allege Liberty Mutual's conduct caused them emotional distress. (*Id*. ¶26).

13. When added together, Plaintiffs' claims for Property damage, treble damages, attorney's fees, and punitive damages provide for a "legal certainty" that the damages alleged well exceed the jurisdictional limit of $75,000. *Shanaghan v. Cahill*, 58 F.3d 106, 112 (4th Cir. 1995).

14. Liberty Mutual references Plaintiffs' pleaded allegations to show the amount in controversy only. By citing these pleaded allegations, Liberty Mutual does not admit or concede that Plaintiffs are entitled to any relief. But the amount-in-controversy between Plaintiffs and Liberty Mutual satisfies the requirements for traditional diversity jurisdiction

## III. **All Other Procedural Requirements Are Met.**

### A. **Venue.**

15. This action was originally filed in the Superior Court of the State of North Carolina for Caldwell County, which sits in this federal judicial district and division. Venue is proper in this Court. 28 U.S.C. § 84(c); see also 28 U.S.C. § 1441(a).

### B. Timeliness.

16. A copy of the Summons and Complaint was received and accepted for service on February 23, 2026, pursuant to N.C. Gen. Stat. §58-16-30, by the North Carolina Department of Insurance. (**Exhibit C.**)

17. This Notice of Removal is timely under 28 U.S.C. § 1446(b), because it is filed within 30 days of the service of Plaintiffs' Complaint, and within one year of the commencement of this action.

### C. Notice.

18. Upon filing this Notice of Removal, Liberty Mutual will furnish written notice to Plaintiffs' counsel and will file and serve a copy of the Notice of Removal attached hereto as **Exhibit D** with the Clerk of the Superior Court of the State of North Carolina for Caldwell County, pursuant to 28 U.S.C. § 1446(d).

### D. Answer to Complaint.

19. Liberty Mutual did not answer before removal. Liberty Mutual will answer or present other defenses or objections in accordance with Federal Rule of Civil Procedure 81(c)(2). Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Liberty Mutual's rights to assert any defense including, but not limited to, those defenses available under Federal Rule of Civil Procedure 12.

20. Liberty Mutual submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs, without conceding that Plaintiffs have pled claims upon which relief can be granted, and without admitting that Plaintiffs

are entitled to any monetary relief whatsoever (or that the damages they seek may be properly sought).

WHEREFORE, Defendant Liberty Mutual Fire Insurance Company hereby gives notice that this action has been properly removed from the Superior Court of Caldwell County, North Carolina, to the United States District Court for the Western District of North Carolina based on diversity of citizenship. Liberty Mutual respectfully requests this Court proceed as if this action had been originally filed in this Court.

This the 25th day of March, 2026.

**CRANFILL SUMNER LLP**

*/s/ Christopher J. Blake*
Christopher J. Blake (NC Bar No. 16433)
5440 Wade Park Boulevard, #300
Raleigh, NC 27607
Phone: (919) 863-8811
Fax: (919) 863-3433
cblake@cshlaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 25th day of March, 2026, the foregoing **Notice of Removal** was filed with the Court via CM/ECF and served on all parties to this cause by electronic mail and first class mail, addressed as follows:

Ava Lynch
Your Insurance Attorney
1015 Ashes Drive, Suite 100
Wilmington, North Carolina 28405
alynch@yourinsuranceattomey.com
*Attorney for Plaintiffs*

**CRANFILL SUMNER LLP**

*/s/ Christopher J. Blake*
Christopher J. Blake (NC Bar No. 16433)
5440 Wade Park Boulevard, #300
Raleigh, NC 27607
Phone: (919) 863-8811
Fax: (919) 863-3433
cblake@cshlaw.com
*Attorneys for Defendant*